ORTIZ, PLAINTIFF AND APPELLANT, *v.* CLAUDIO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in an Action to Annul a Judgment.

No. 3286.—Decided July 23, 1924.

DEBT—JOINDER OF CAUSES OF ACTION—SITUS.—A default judgment in an action of debt should not be annulled on the ground of misjoinder of causes of action cognizable in different courts and requiring distinct places for their trial, for although the two causes of action can be tried in different places, yet this is not necessary for the reason that actions of debt have no determined situs and may be brought wherever the defendant is found.

ID.—ID.—JURISDICTION.—District courts have concurrent jurisdiction of actions

for sums of money less than the jurisdictional amount if the total exceeds $500, and it has been held that actions for various sums of money may be joined. The misjoinder in this case, if any, did not make the judgment void, but only voidable within the term.

ID.—DEFAULT JUDGMENT.—Subdivision 1 of section 194 of the Code of Civil Procedure is applicable to this case, for although the contract was originally one for the cultivation of land on shares, the profits became liquidated and were paid as alleged in the complaint.

The facts are stated in the opinion.

Mr. R. Arjona Siaca for the appellant.

Mr. C. del Toro Fernández for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Appellant as complainant in the court below sought to annul a judgment against him on several grounds.

The first was that two causes of action were joined, one for $40.08 cognizable in the Municipal Court of Yauco and another for $516.63 cognizable in the District Court of Ponce, and that they required distinct places for their trial. Section 104 of the Code of Civil Procedure, Paragraph 8, is invoked. It follows:

"Sec. 104.—The plaintiff may unite several causes of action in the same complaint, where they shall arise out of:

"8.—The causes of action so united must all belong to one only of these classes, and must affect all the parties to the action, and not require different places of trial, and must be separately stated; but an action for malicious arrest and prosecution, or either of them, may be united with an action for either an injury to the character or to the person."

It is evident that while the two causes of action may be tried in different places, they do not require different places. Actions for money have no determined situs and may be brought wherever the defendant is found. Furthermore, Yauco is part of the district of Ponce and the district court had jurisdiction concurrent for the $40.08 if the whole amount sued upon exceeded $500. That actions for various sums of money may be joined is decided by *Perea* v. *Castro,* 25 P.R.R., 98. We are inclined to think besides that the

improper joinder of actions did not make the judgment void but only voidable within the term.

The second ground was that the secretary had no right to enter a judgment for default as the first cause of action was not for a liquidated amount. The contract in question while originally one of *"aparcería"* or cultivation of soil and division of profits, yet the profits became liquidated and were paid to defendant and so averred in the complaint. Hence paragraph 1 of section 194 of the Code of Civil Procedure was applicable.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.